UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 3:23-cv-546

PARIS BANH MI LICENSING & SUPPLIES INC., a Florida corporation,

      Plaintiff,

v.

HUYEN TRAN, an individual, PARIS BANH MI JACKSONVILLE INC., a Florida Corporation,

      Defendants.

## VERIFIED COMPLAINT

Plaintiff, Paris Banh Mi Licensing & Supplies Inc., sues Defendants, Huyen Tran and Paris Banh Mi Jacksonville Inc., and alleges:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a) as to claims asserted under the Lanham Act, 15 U.S.C. § 1051, et seq. This Court also has original jurisdiction over the claim of unfair competition pursuant to 28 U.S.C. § 1338(b).

2. This Court has original subject matter jurisdiction as to the claims other than those based on the Lanham Act, under 28 U.S.C. § 1367, because those claims are so related to the claims brought under the Lanham Act that they form a part of the same case or controversy.

3. Further, an actual justiciable controversy now exists between the parties, and the requested relief is proper under 28 U.S.C §§ 2201-2202.

1

4.      Venue is appropriate in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the defendant is subject to the court's jurisdiction with respect to this action in this district.

## PARTIES

5.      Plaintiff, Paris Banh Mi Licensing & Supplies Inc. ("Paris Bahn Mi"), is a Florida corporation, having a principal place of business in Orange County, Florida.

6.      Defendant, Huyen Tran ("H. Tran"), is an individual residing in the state of Florida.

7.      Defendant, Paris Banh Mi Jacksonville Inc. ("PBM Jacksonville"), is a Florida corporation, with its principal place of business in Duval County, Florida. Upon information and belief, H. Tran is the sole member of PBM Jacksonville. Upon information and belief, H. Tran is the operator of the Jacksonville Location (as defined below) through PBM Jacksonville, notwithstanding the License Agreement (as defined herein) was entered into with H. Tran, individually.

## FACTS

**The Paris Bahn Mi Business System and Trademark**

8.      Paris Bahn Mi is an established fast-casual restaurant chain offering French-Vietnamese authentic baguette sandwiches and boba teas to the general public.

9.      Paris Bahn Mi licenses others to use its federally-registered trademarks, PARIS BANH MI that is the subject of U.S. Trademark Registration Number 6903622 and the stylized design logo that is the subject of U.S. Trademark Registration Number 5948392 (collectively, the "Paris Bahn Mi Marks"), in the sale of goods and services associated with certain approved products and supplies.

10.     Through the expenditure of time, skill, effort, and money, Paris Bahn Mi is the sole

owner and has developed the Paris Bahn Mi Marks, which have been used in the development, organization, and operation of a System of fast-casual restaurants offering baguette sandwiches and boba teas to the general public.

11.     Paris Bahn Mi has entered into licensing agreements for the right to sell certain products and services utilizing the Paris Banh Mi Marks at various locations throughout the United States, pursuant to which Paris Bahn Mi licenses.

12.     Paris Bahn Mi consists of the manner in which the licensee is licensed to offer and sell certain products, and certain other trade secrets and proprietary information, as designated and adopted by Paris Bahn Mi.

13.     Paris Bahn Mi goes to great lengths to keep their trade secrets and proprietary information secret and out of the hands of general public.

14.     Paris Bahn Mi has developed the Paris Bahn Mi Marks for use in the operation of the licensed Paris Bahn Mi businesses, which include the following principal trademarks, which have been registered by Paris Bahn Mi on the Principal Register of the United States Patent and Trademark Office ("USPTO"):

| Mark | Registration No. | Registration Date |
|---|---|---|
| Paris Bahn Mi® | 6903622 | November 22, 2022 |
| (logo: Paris Banh Mi boba, coffee & bakery) | 5948392 | December 31, 2019 |

15.     The foregoing registrations are valid, subsisting, in full force and effect, and cover the goods and services identified in the registration certificates. The registration is incontestable under the Lanham Act, 15 U.S.C. § 1065. A copy of the certificates of registration for the Paris Banh Mi Marks are attached hereto as Exhibit A.

16.     The Paris Bahn Mi Marks have been used exclusively by Paris Bahn Mi, and its designated licensees, in commerce in connection with the operation of Paris Bahn Mi businesses since December 2019. Since that time, Paris Bahn Mi has grown to over twenty (20) locations in multiple states (including H. Tran's formerly-licensed location in Jacksonville, Florida).

17.     The Paris Bahn Mi Marks have become a valuable asset of substantial and inestimable worth to Paris Bahn Mi. The Paris Bahn Mi Marks are a symbol of quality experience served by Paris Bahn Mi. Paris Bahn Mi has a vital economic interest in protecting its name and the Paris Bahn Mi Marks. The preservation and protection of its name and the Paris Bahn Mi Marks is essential to the maintenance of the quality of Paris Bahn Mi business and the goodwill and reputation associated with them.

**Defendants Entered into the License Agreement and Received Substantial Training, Opening Assistance, and Ongoing Support for the Jacksonville Location**

18.     On or about January 19, 2020, Paris Bahn Mi[1] entered into a License Agreement with H. Tran in connection with the operation of a Paris Bahn Mi business in the territory identified as "Jacksonville Southside, Duval County" (the "License Agreement"). A copy of the fully-executed License Agreement is attached hereto as Exhibit B.

19.     The Defendant, H. Tran, received extensive assistance and training from Paris Bahn Mi. By way of example, Paris Bahn Mi provided the following training to Defendants:

(a)     In or about January, 2020, Paris Bahn Mi representatives provided in-person assistance to formulate, review, and approve, store layout and design;

(b)     In or about January, 2020, Paris Bahn Mi representatives provided an in-

---

[1]     The License Agreement inadvertently references "Paris Banh Mi, coffee, bubble & bakery," instead of Paris Bahn Mi Licensing & Supplies Inc., a corporation whose owners included of the holder of the Paris Bahn Mi Marks.

person, approximately one-week training course for H. Tran and certain additional members of H. Tran's staff at the Orlando location;

(c)   At the time of the Jacksonville Location's grand opening, and for approximately three to four days after, representatives of Paris Banh Mi stayed at the Jacksonville Location assisting with front-of-house and back-of-house operations;

(d)   After the Jacksonville Location was formally opened, Paris Bahn Mi provided continuous ongoing assistance and support by way of numerous substantive calls with H. Tran to discuss and/or provide assistance with business compliance, banking, signage, hiring, and training, ordering, payroll, insurance, and inspections;

(e)   The Jacksonville Location also received extensive training on Paris Bahn Mi's proprietary recipes (including through provision of the Paris Bahn Mi recipe book), which undergo rigorous testing and set Paris Bahn Mi apart from its competitors.

**Default and Termination of the License Agreement, PBM Jacksonville and H. Tran's Theft of Trade Secrets, and H. Tran's Disparagement of Paris Bahn Mi**

20.   In at least May, 2023,[2] H. Tran became in default of the License Agreement in that, amongst other things, H. Tran failed to purchase Paris Banh Mi's recommended brand of supplies and follow Paris Bath Mi's guidelines by, among other things, purchasing and selling unauthorized products at the Jacksonville Location.

21.   On May 4, 2023, Paris Bahn Mi sent H. Tran a Notice of Default and Termination (the "Jacksonville Notice") to H. Tran, advising her of defaults under the License Agreement, and providing for immediate termination of the License Agreement in accordance with Section 7 of the License Agreement. A copy of the Jacksonville Notice is attached hereto as Exhibit C.

---

[2]   Paris Bahn Mi continues to investigate the timeline of when H. Tran began offering unauthorized products at the Jacksonville Location as provided herein.

22. Prior to termination of the License Agreement, on May 3, 2023, H. Tran began publishing numerous false or misleading claims about certain Paris Banh Mi Products and Services.

23. Specifically, H. Tran published at least one "Facebook Live" streaming video and made at least one post on her Facebook account, making numerous unsubstantiated, unfounded, and misleading claims about Paris Banh Mi's products and services in an effort to harm the Paris Banh Mi brand and goodwill and to bolster her own position in a competitive business— "Vina Food Supplies Distributor Wholesale," which supplies, trains, and provides support for businesses offering products and services competitive with Paris Bahn Mi's licensees.

24. Vina Food Supplies Distributor Wholesale ("Vina") has stolen Paris Bahn Mi's trade secrets and is attempting to replicate Paris Bahn Mi's business model.

25. Upon information and belief, Vina does business under the PBM Jacksonville entity.

26. The business webpage for Vina (https://www.facebook.com/vnfoodsuppliesinc/about) lists the business address as 3515 St. Johns Bluff Road S., Jacksonville, FL 32224, which is the principal place of business for PBM Jacksonville, and there is no entity with the name "Vina Food Supplies Distributor Wholesale" registered to do business in the state of Florida.

27. Upon information and belief, Vina is using Paris Bahn Mi copywritten images without prior authorization in the offer and sale of goods and services through Vina.

28. On May 3, 2023, in response to the disparaging publications H. Tran made, Paris Bahn Mi, through counsel, sent H. Tran a cease and desist notice, demanding the offending posts be removed within 24 hours (the "Cease and Desist"). A copy of the Cease and Desist is attached

hereto as Exhibit D.

29. On May 3, 2023, H. Tran received the Cease and Desist via email and did not remove the offending posts.

30. Rather, acknowledging receipt of the Cease and Desist, H. Tran responded with a two-word email message stating, "Fuck you!" A copy of the H. Tran's email response is attached hereto as Exhibit E.

31. Notwithstanding the Cease and Desist, the Jacksonville Notice, and the termination of the License Agreement, H. Tran and/or PBM Jacksonville have continued operating the formerly-licensed Paris Bahn Mi using the Paris Bahn Mi Marks and continue to misappropriate Paris Bahn Mi's trade secrets in conducting business through Vina or PBM Jacksonville, without Paris Bahn Mi's authorization.

32. Moreover, H. Tran has failed to remove the published posts, which has resulted in the loss of at least two prospective candidates for a Paris Bahn Mi business.

33. Pursuant to Section 7 of the License Agreements, Defendants expressly agreed that, upon termination of the License Agreements, they would immediately discontinue the use of all trade names, trademarks, signs, structures, and forms of advertising indicative of the Paris Banh Mi or the business or products thereof, and will make or cause to be made such changes in signs, buildings, and structures as the Paris Banh Mi shall reasonably direct.

34. Moreover, pursuant to Section 5 of the License Agreement, H. Tran agreed that during the term of the License Agreement and for an indefinite period after, she would not "communicate or divulge to, or use for the benefit of, any other person, partnership, association, or corporation, any information or knowledge concerning the methods of manufacture, promotion, sale, or distribution used or employed by the Licensor in and about its business which may be

7

communicated to the Licensee or which the Licensee may acquire by virtue of its operation under the terms of this agreement; nor will the Licensee do any act prejudicial or injurious to the business or goodwill of the Licensor."

35. H. Tran further agreed that during the term of the agreement and for an indefinite period thereafter, she would not "within [. . . a 20 mile radius of the Licensee's place of business] engage, in such business on his own account, or become interested therein, directly or indirectly, as an individual, partner, shareholder, director, consultant, independent contractor, officer, clerk, principal, agent, employee, trustee, or in any relation or capacity whatsoever."

36. Paris Bahn Mi's covenant is an important part of its established business system. Other Paris Bahn Mi licensees, partners, and affiliates, rely on the covenant and Paris Bahn Mi's enforcement of it to protect the investments they have made in their own businesses. The covenant protects Paris Bahn Mi's ability to retain customers by virtue of its goodwill and reputation.

37. It maintains the integrity of the entire business network. If Defendants are allowed to compete in the same location, and/or territory, under the Paris Bahn Mi's name or otherwise, Paris Bahn Mi will lose sales, goodwill, and market presence, in a market it has built over the past five-plus years. The covenant also protects Paris Bahn Mi's confidential information.

38. As a result of the valid termination of the License Agreement, H. Tran (and her affiliated entities) are required to abide by the Post-Termination Obligations of the License Agreements, including the non-competition obligation.

39. As of the date of this filing, Defendants are clearly intending to continue operating the formerly-licensed Paris Bahn Mi restaurant, using the Paris Bahn Mi Marks, in violation of the Post-Termination Obligations.

40. Defendants' failure to abide by the Post-Termination Obligations required under the

License Agreements, and continued use of the Paris Bahn Mi Marks and Paris Bahn Mi system, in connection with the operation of a restaurant offering competitive products at the site of the formerly-licensed Paris Bahn Mi restaurant has caused, and is continuing to cause, irreparable harm.

41.   As this is an exceptional case of trademark infringement based upon Defendants' deliberate, willful, and bad faith acts of infringement, Plaintiff is entitled to recover their attorneys' fees under 15 U.S.C. § 1117(a).

42.   Defendants have not voluntarily ceased their unlawful acts, thus necessitating the present lawsuit.

## COUNT I:
## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a) and Common Law)

43.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 hereof.

44.   Paris Bahn Mi has spent substantial sums to promote, and has generated substantial revenue and recognition from, the Paris Bahn Mi Marks, which are distinctive.

45.   The distinctive Paris Bahn Mi Marks have become impressed upon the minds of the trade and public and identifying Paris Bahn Mi products and services, as part of a national restaurant chain, and consumers understand that marks and logos to indicate the source or origin of such products and services provided in connection with a fast-casual restaurant experience.

46.   Paris Bahn Mi has developed a large and valuable business system through its use of the Paris Bahn Mi Marks, and the reputation and goodwill in that mark is of great value to Paris Bahn Mi.

47.   Defendants have used in commerce the Paris Bahn Mi Marks without Paris Bahn Mi's consent or authorization.

9

48. Such use of the Paris Bahn Mi Marks is likely to confuse consumers into believing that Defendants and their businesses are associated with, endorsed by, or sponsored by, Paris Bahn Mi when they are not.

49. Defendants' conduct constitutes false designation of origin, and unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125(a), and common law.

50. As a result of Defendants' willful and intentional acts, Paris Bahn Mi has incurred attorneys' fees and expenses.

51. Defendants have caused and, unless restrained by this Court, will continue to cause, irreparable harm, damage, and injury to Paris Bahn Mi.

52. Paris Bahn Mi has no adequate remedy at law.

## COUNT II:
## TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

53. Plaintiff realleges and incorporates by reference Paragraphs 1 through 52 hereof.

54. Paris Bahn Mi owns a federal registration for the Paris Bahn Mi Marks in connection with its Paris Bahn Mi restaurant operations, namely, U.S. Reg. Nos. 5948392 and 6903622 (the "Registrations").

55. The Registrations serve as *prima facie* evidence of the validity of the registered marks and of Paris Bahn Mi's ownership of the Paris Bahn Mi Marks and exclusive right to use the marks in commerce pursuant to 15 U.S.C. § 1115(a).

56. Defendants have used a colorable imitation of the registered marks in connection with the sale, offering for sale, distribution, and advertising of foods and services in a manner likely to cause confusion, or to cause mistake, or to deceive.

y

57. Defendants' conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

58. Defendants' willful and intentional actions have caused, and unless restrained by this Court, will continue to cause irreparable harm and injury to Paris Bahn Mi.

59. Paris Bahn Mi has no adequate remedy at law.

## COUNT III:
## TRADEMARK DILUTION
## (15 U.S.C. § 1125(c))

60. Plaintiff realleges and incorporates by reference Paragraphs 1 through 59 hereof.

61. The Paris Bahn Mi Marks are famous trademarks under Section 43© of the Lanham Act, 15 U.S.C. § 1125(c).

62. Defendants' action and conduct, as set forth herein, constitute dilution of the famous Marks under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

63. Paris Bahn Mi is entitled to injunctive relief under Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

64. As a direct and proximate result of Defendants' wrongful conduct, Paris Bahn Mi has suffered and will continue to suffer irreparable damage to reputation and goodwill for which it has no adequate remedy at law.

65. Pursuant to 15 U.S.C. § 1117, Paris Bahn Mi is entitled to recover damages from Defendants caused by their unlawful use of the Paris Bahn Mi Mark, in an amount to be determined at trial.

## COUNT IV:
## BREACH OF CONTRACT
### (Injunctive Relief)

66. Plaintiff realleges and incorporates by reference Paragraphs 1 through 65 hereof.

67. The License Agreement are valid contracts executed by Paris Bahn Mi and H. Tran.

68. H. Tran breached the License Agreement by continuing to use the Paris Bahn Mi Marks following termination of the License Agreement.

69. H. Tran breached the License Agreement by continuing to operate a fast-casual restaurant offering the same or similar products at the site of the formerly-licensed Paris Bahn Mi Jacksonville Location, in violation of the covenants contained in the License Agreement.

70. As a result of Defendants' willful and intentional actions, the Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm and injury to Paris Bahn Mi.

## COUNT V:
## UNFAIR COMPETITION

71. Plaintiff realleges and incorporates by reference Paragraphs 1 through 70 hereof.

72. Defendants have engaged and will continue to engage in illegally using and displaying the Paris Bahn Mi Marks in violation of the Lanham Act.

73. Defendants improperly use, and will continue to use, Paris Bahn Mi's confidential information in furtherance of the operation of PBM Jacksonville and/or Vina's business, which competes directly with Paris Bahn Mi out of the same location and using the same system and trade secrets as the formerly-licensed businesses.

74. Defendants have and will continue to unfairly profit from using the Paris Bahn Mi Marks and good will to confuse, mislead, and/or deceive current and prospective Paris Bahn Mi

customers into obtaining goods and services from Jacksonville Location because the locations appear to be a Paris Bahn Mi business.

75. Through their actions, Defendants are intentionally attempting to deceive Paris Bahn Mi's current and prospective customers for Defendants' business gain.

76. As a direct and proximate result of Defendants' actions, Paris Bahn Mi has suffered and continues to suffer irreparably injury and is entitled to monetary damages in an amount to be determined at trial.

**COUNT VI:**
**VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

77. Plaintiff realleges and incorporates by reference Paragraphs 1 through 76 hereof.

78. Defendants are using the Paris Bahn Mi Marks to identify the services provided from their formerly-licensed location as those of a Paris Bahn Mi business. However, Defendants are actually providing the services through a competing business.

79. Defendants' use of the Paris Bahn Mi Marks is likely to cause confusion, cause mistake, and/or deceive as to H. Tran or PBM Jacksonville's affiliation, connection, or association with Paris Bahn Mi, or as to the origin, sponsorship, or approval of goods, services, or commercial activities.

80. Defendants have and will continue to use the Paris Bahn Mi Marks, goodwill, and confidential information to lure customers who believe that he or she is obtaining services from Paris Bahn Mi.

81. The unlawful conduct of Defendants described herein constitutes unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute 501.204(1).

82. As a direct and proximate result of Defendants' wrongful conduct, Paris Bahn Mi has suffered damages to the value of the Paris Bahn Mi Marks and to customer goodwill.

83. Defendants' acts have been and are being done knowingly and intentionally to cause confusion, to cause mistake, and/or to deceive.

84. As a result, Paris Bahn Mi has suffered and continues to suffer irreparable injury and has incurred and continues to incur monetary damages in an amount to be determined at trial.

## COUNT VII:
## UNJUST ENRICHMENT

85. Plaintiff realleges and incorporates by reference Paragraphs 1 through 84 hereof.

86. Defendants have knowingly and intentionally misappropriated confidential information in furtherance of their operation of their business from the same locations and using the same recipes, methods of operation, and system.

87. Defendants have used and continue to use the formerly-licensed location as a business offering French-Vietnamese authentic baguette sandwiches and boba teas to the general public and continue to display the (or marks similar to the) Paris Bahn Mi Marks in order to confuse, mislead, and/or deceive others in violation of the Lanham Act.

88. H. Tran is party to the License Agreement (and upon information and belief, H. Tran operates the Jacksonville Location through PBM Jacksonville), and Defendants are aware of contents thereof, such that Paris Bahn Mi expects to be compensated and that Defendants should compensate Paris Bahn Mi for use of the Paris Bahn Mi Marks, confidential information, and good will as set forth in the License Agreement.

89. Defendants knowingly retain these benefits, to which they are not rightfully entitled, at the expense and to the damage of Paris Bahn Mi.

90. There is no adequate remedy at law that will protect Paris Bahn Mi from continued irreparable injury or fully compensate it for the damage caused by Defendants' wrongful conduct.

## COUNT VIII:
## VIOLATION OF THE DEFEND TRADE SECRETS ACT

91. Plaintiff realleges and incorporates by reference Paragraphs 1 through 90 hereof.

92. The DTSA provides a private civil action for the misappropriation of trade secrets that are related to a product or service used in interstate or foreign commerce.

93. Paris Banh Mi owns numerous trade secrets, including without limitation, its recipe book. Plaintiff's trade secrets implicate interstate commerce, and each of the Defendants are engaged in interstate commerce.

94. Throughout Plaintiff's existence, Plaintiff has carefully developed and refined its trade secrets, which are key ingredients of their continued success.

95. Plaintiff's trade secrets provide independent economic value as Plaintiff uses the confidential information and recipe book to procure and maintain customers, through competitive pricing and confidential and proprietary processes and procedures.

96. Plaintiff's confidential information is not generally known and is not readily ascertainable by proper means.

97. Plaintiff has taken extensive measures to preserve and protect its trade secrets for the purpose of maintaining its competitive advantage, and only discloses such information to officers, employees and licensees who have promised to keep the confidential information strictly confidential to only use it in connection with a Paris Bahn Mi Business.

98. Plaintiff took steps to prevent disclosure of its confidential information, including, but not limited to mandating those with access sign confidentiality agreements, and preventing its

confidential information from being accessed by the public. H. Tran and PBM Jacksonville have intentionally disclosed Plaintiff's trade secrets to others for their benefit and/or the benefit of third parties with knowledge that such disclosure would harm Plaintiff.

99. As a direct and proximate result of each of the Defendants' willful, improper, and unlawful disclosure of Plaintiff's confidential information, Plaintiff has suffered and will continue to suffer immediate and irreparable harm. Pursuant to 18 U.S.C. § 1836(b)(3)(B), Plaintiff is entitled to recover damages for its actual losses, and to prevent Defendants' unjust enrichment. Pursuant to 18 U.S.C. § 1836(b)(3)(A), the Court should enjoin Defendants' use and misappropriation of Plaintiff's confidential information.

100. Each of the Defendants' misappropriation of Plaintiff's Confidential Information is willful and malicious, thus warranting an award of exemplary damages under 18 U.S.C. § 1836(b)(3)(C), and an award of reasonable attorneys' fees under 18 U.S.C. § 1836(b)(3)(D).

## COUNT X:
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

101. Plaintiff realleges and incorporates by reference Paragraphs 1 through 100 hereof.

102. Plaintiff maintains stock photographs of its menu items in conjunction with the sale of licensed products under a license agreement.

103. Defendants, without prior authorization, have distributed Plaintiff's copyrighted work to others and/or to the general public.

104. Defendants' conduct constitutes copyright infringement under 17 U.S.C. § 501.

## COUNT XI:
## TORTIOUS INTERFERENCE

105. Plaintiff realleges and incorporates by reference Paragraphs 1 through 104 hereof.

106. Plaintiff had several business relationships with third parties that afforded Plaintiff existing or prospective legal rights.

107. Defendants knew of that relationship and intentionally and without justification interfered with that relationship by making public false and misleading statements about Paris Banh Mi's products, services, and business.

108. Plaintiff was damaged as a result of the Defendant's interference.

## PRAYER

WHEREFORE, Plaintiff requests judgment with each item of this prayer being for relief additional to, and alternative to each other item and not an election of remedies, as follows:

A. The entry of a preliminary and permanent injunction prohibiting Defendants and their respective agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations and companies, and all others in privity or acting in concern with them, from:

   i. Using the Paris Bahn Mi Marks and logos and any confusingly-similar marks;

   ii. Otherwise suggesting that Defendants are affiliates of, sponsored by, or endorsed by Paris Bahn Mi;

   iii. Engaging in any other activity constituting unfair competition or trademark infringements;

   iv. Operating a competing business offering French-Vietnamese authentic baguette sandwiches and boba teas to the general public (or similar establishment) in Defendants' former Paris Bahn Mi licensed locations or within 20 miles thereof, for an indefinite (or reasonable) period, and extending such period for the amount of time during which Defendants

are willfully violating their covenants;

      v.    Maintaining, using, or disclosing Plaintiff's highly confidential recipe book; and

      vi.    Assisting, aiding, or abetting another person or business entity in engaging in or performing any of the activities enumerated above.

B.    The entry of a preliminary and permanent injunction ordering Defendants to return all manuals and Confidential Information to Plaintiff;

C.    The entry of a preliminary and permanent injunction ordering Defendants to immediately remove any social media post referencing or relating to Paris Bahn Mi;

D.    Awarding reasonable attorneys' fees and costs pursuant to the Lanham Act;

F.    Awarding interest as allowed by law.

G.    Awarding such other and further relief as the Court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff will be represented at trial by Adam G. Wasch.

Respectfully submitted,

By: */s/ Adam Wasch*

Dated: May 5, 2023

Adam G. Wasch (FL Bar: 71082)
adam.wasch@gmlaw.com
Greenspoon Marder LLP
2255 Glades Rd Ste 400E
Boca Raton, Florida 33431-7379.
Phone: 561-994-2212
*Attorneys for Plaintiff,*
*Paris Banh Mi Licensing & Supplies Inc.*

## **VERIFICATION**

I, Doan Nguyen, being duly sworn, deposes and says:

I am Chief Executive Officer of Plaintiff. I have read the foregoing Verified Complaint and know the contents thereof and state the allegations are true and correct. I base this Verification on my own personal knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true and correct. The grounds of my knowledge, information, and belief, are derived from my position as Chief Executive Officer, my personal involvement in the vents underlying this litigation, and general investigation of the facts and circumstances described in the Verified Complaint, including, without limitation, my review of Plaintiff's records and conversations with Plaintiff's employees.

Dated: May 5, 2023

_____
Doan Nguyen

20